UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:19-cv-05811-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER'S DECISION** |

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ erred in assessing his testimony, the medical evidence, and the lay statements.[1] Dkt. 11 at 2. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff is currently 44 years old, has a college degree and at least some graduate school education, and worked most recently as a biologist and environmental field technician for state governmental agencies. Tr. 221, 272, 355. In January 2016, he applied for benefits, alleging disability as of August 30, 2014. Tr. 161-64. His application was denied initially and on

---

[1] Plaintiff also assigns error to the ALJ's assessment of his residual functional capacity ("RFC") and findings as steps four and five, but reiterates arguments made elsewhere. Dkt. 11 at 2, 17-18. These assignments of error thus need not be addressed separately.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

reconsideration. Tr. 92-94, 99-103. The ALJ conducted a hearing in May 2018 (Tr. 35-65), and subsequently found Plaintiff not disabled. Tr. 15-30. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, [2] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff's affective disorder, generalized anxiety disorder, and history of substance addiction disorder are severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**RFC:** Plaintiff can perform a full range of work at all exertional levels, with the following nonexertional limitations: he can understand, remember, and apply detailed or complex information and instructions. He can engage in routine and perfunctory social interaction as necessary in a work environment, but is not well-suited for interacting with the public. He can work best when assigned duties performed by him alone. He can work in an environment that does not involve more than minimal collaboration with other workers. He is able to accept direction from supervisors.

**Step four:** Plaintiff can perform his past work as an environmental technician.

**Step five:** In the alternative, as there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 15-30.

## DISCUSSION

**A.    Plaintiff's testimony**

The ALJ discounted Plaintiff's testimony because (1) Plaintiff experienced improvement with conservative treatment (medication and counseling); (2) Plaintiff engaged in a variety of

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

1  activties, such as primary caretaking responsibilities for his young children, camping trips, and

2  air travel; and (3) Plaintiff gave conflicting statements about his impact of his limitations on his

3  ability to complete graduate school, sometimes contending that he left his program due to social

4  conflicts, but on other occasions claimed to have completed the program and/or been expelled

5  due to plagiarism.  Tr. 25-26.  An ALJ's reasons to discount a claimant's subjective allegations

6  must be clear and convincing.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

7        Plaintiff contends that the ALJ's summary of the medical evidence does not explain why

8  he discounted Plaintiff's allegations.  Dkt. 11 at 12.  The Court agrees the ALJ's summary alone

9  (Tr. 20-25) would be insufficient to explain why the ALJ discounted Plaintiff's allegations.  But

10  the ALJ went on to provide three specific reasons why he discounted the ALJ's allegations, in

11  the paragraph following the conclusion of the summary of medical evidence, which are listed

12  above.  *See* Tr. 25-26.

13        Plaintiff contends the ALJ's finding that his allegations are undermined by his

14  improvement with conservative treatment is "not a convincing reason to reject [his] testimony

15  about the symptoms he has continued to experience even with treatment."  Dkt. 11 at 12.  But

16  Plaintiff does not identify any of those particular symptoms that persisted, and does not

17  acknowledge that the ALJ's RFC assessment accounts for some mental limitations.  *See* Tr. 19.

18  Plaintiff has not shown that the ALJ erred in discounting Plaintiff's allegations based on

19  improvement with conservative treatment.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40

20  (9th Cir. 2008) ("The record reflects that Tommasetti responded favorably to conservative

21  treatment including physical therapy and the use of anti-inflammatory medication, a

22  transcutaneous electrical nerve stimulation unit, and a lumbosacral corset. Such a response to

23  conservative treatment undermines Tommasetti's reports regarding the disabling nature of his

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 3

1   pain."); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (stating that "evidence of
2   'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an
3   impairment").

4   Next, Plaintiff contends the ALJ erred in citing his activities as a reason to discount his
5   allegations, because his activities neither contradicted his allegations nor demonstrated the
6   existence of transferable work skills. Dkt. 11 at 12-13. Indeed, the ALJ did not identify any
7   particular inconsistencies or transferable work skills evident in Plaintiff's activities, and thus the
8   ALJ's reliance on Plaintiff's activities is invalid. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.
9   2007) (activities may undermine a claimant's allegations where they (1) contradict the claimant's
10  testimony or (2) "meet the threshold for transferable work skills").

11  Lastly, although Plaintiff acknowledges he made "confusing and somewhat
12  contradictory" statements regarding his experience in graduate school, he argues that he was not
13  given a chance to explain these statements at the hearing and that the statements are not a clear
14  and convincing reason to discount his allegations. Dkt. 11 at 13. Plaintiff cites no authority
15  requiring an ALJ to provide him with an opportunity to explain his inconsistent statements,
16  however, and the Court is aware of authority contradicting this argument. *See, e.g.*, *Tonapetyan*
17  *v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) ("There is no merit in [plaintiff's] contention that
18  the ALJ should have given her a chance, while at the hearing, to explain the inconsistent
19  statements and other factors that led him to find her not credible."). Furthermore, Plaintiff has
20  not shown that the ALJ erred in relying on the admitted inconsistencies in Plaintiff's report of
21  why/whether he finished graduate school, because Plaintiff referred to his conflicts in finishing
22  graduate school in the context of describing limitations that he believed to be disabling. *See,*
23  *e.g.*, Tr. 45-46. Plaintiff's attempts to characterize these inconsistent statements as pertaining

only to his "educational history" as opposed to his symptoms is not persuasive. *See* Dkt. 13 at 8. The inconsistent statements regarding Plaintiff's graduate school experience are relevant to evaluating Plaintiff's alleged limitations, and the ALJ did not err in finding that Plaintiff's admittedly contradictory statemnets on that issue undermine the reliability of his testimony. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Because the ALJ provided multiple valid reasons to discount Plaintiff's testimony, the erroneous reasoning regarding Plaintiff's activities is harmless.[4] *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

**B.     Medical opinions**

Plaintiff contends the ALJ erred in assessing the medical evidence. He begins by providing a lengthy summary of the medical evidence, which does not identify any error in the ALJ's decision. *See* Dkt. 11 at 3-10. Plaintiff goes on to allege errors in the ALJ's assessment of opinions written by treating psychologist John Powell, Ph.D.; treating marriage therapist Jan Coleman, Ph.D.; and State agency non-examining psychological reviewers. Dkt. 11 at 10-11. The Court will address each disputed opinion in turn.

**1.     Dr. Powell**

Dr. Powell completed form medical source statements describing Plaintiff's limitations in February 2016 and April 2018, opining that Plaintiff's limitations had existed at that same severity level since August 2014. Tr. 281-84, 396-98. The ALJ noted Dr. Powell opined that Plaintiff had marked limitations in only one category, and less severe or no limitations in the other categories. Tr. 26. The ALJ indicated he gave some weight to Dr. Powell's opinions, but

---

[4] Plaintiff's opening brief also contains a summary of his own statements that does not advance any particular legal argument and need not be addressed in this order. *See* Dkt. 11 at 13-15.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 5

1  discounted his opinion to the extent he indicated a marked limitation in light of the inconsistent
2  medical evidence showing conservative treatment and improvement therewith and generally
3  normal mental status examinations, and Plaintiff's wide range of activities.  *Id*.  The ALJ also
4  noted that Plaintiff voluntarily resigned his job in August 2014, and his statements to Dr. Powell
5  regarding his problems in graduate school (Tr. 343) were inconsistent with other statements he
6  made on that subject.  Tr. 26.

7  Plaintiff contends the ALJ failed to provide any legitimate reason to discount the marked
8  limitation identified by Dr. Powell, as well as the moderate limitations he identified.  First,
9  Plaintiff has not shown that the ALJ's RFC assessment is inconsistent with the moderate
10 limitations Dr. Powell identified, and thus has failed to establish the existence of an error in the
11 ALJ's decision with respect to the moderate limitations in Dr. Powell's opinions.  *See* Social
12 Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts
13 with an opinion from a medical source, the adjudicator must explain why the opinion was not
14 adopted."); *Turner v. Comm'r of Social Sec. Admin*., 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ
15 need not provide reason for rejecting physician's opinions where ALJ incorporated opinions into
16 RFC; ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with
17 limitations assessed by physician).

18 As to the marked limitation that Dr. Powell identified in Plaintiff's ability to accept
19 instructions and to respond appropriately to criticism from supervisors, Plaintiff contends that the
20 ALJ failed to identify evidence inconsistent with that limitation.  Dkt. 11 at 10.  On the contrary,
21 the ALJ's summary of the medical evidence identified multiple treatment notes where Plaintiff
22 reported improvement in his ability to interact with others.  *See, e.g*., Tr. 23 (citing *inter alia* Tr.
23 346, 356, 358, 374, 380).  Furthermore, the ALJ cited evidence that Plaintiff left his prior work

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 6

voluntarily, which would undermine Dr. Powell's opinion that Plaintiff became disabled in the same month that he stopped working. For all of these reasons, the Court finds that Plaintiff has failed to show error in the ALJ's discounting of the marked limitation identified by Dr. Powell.

### 2. Dr. Coleman

Plaintiff's marital therapist, Dr. Coleman, completed a form medical source statement in March 2016, identifying two marked social limitations. Tr. 285-88. The ALJ indicated that he gave little weight to Dr. Coleman's opinion regarding marked limitations, noting that Dr. Coleman's therapy notes are not in the record and finding Dr. Coleman's conclusions to be inconsistent with the evidence showing Plaintiff's improvement with conservative treatment and Plaintiff's ability to engage in a wide range of activties. Tr. 26-27.

Plaintiff argues the ALJ's reasoning is not legitimate because Dr. Coleman's opinion is consistent with Dr. Powell's opinions and clinical observations. Dkt. 11 at 11. This argument does not show error in the ALJ's decision, however, because as explained *supra*, the ALJ properly discounted Dr. Powell's opinions, and Plaintiff has not shown that the ALJ's stated reasoning, particularly regarding the evidence of improvement with conservative treatment, is not legitimate with respect to Dr. Coleman's opinion. Thus, the Court finds that Plaintiff has failed to meet his burden to show error in the ALJ's assessment of Dr. Coleman's opinion.

### 3. State agency opinions

The State agency psychological reviewers noted, *inter alia*, Plaintiff's concentration, persistence, and pace was "likely to wane in accordance with [the] level of socialization required for [a] given employment setting." Tr. 74, 87. Plaintiff contends that the ALJ erred in failing to include this limitation in the RFC assessment (Dkt. 11 at 11), but does not acknowledge that the ALJ did include significant social limitations in the RFC, restricting Plaintiff to performing

1  "routine and perfunctory social interaction" with no public contact, working best when his
2  assigned duties are performed by him alone, and avoiding more than minimal collbatoration with
3  other workers. Tr. 19.  The ALJ explicitly mentioned the limitation that Plaintiff contends he
4  omitted (Tr. 26), and Plaintiff fails to establish that the ALJ's RFC assessment is inconsistent
5  with that limitation, despite Plaintiff's conclusory assertion of error. Dkt. 13 at 4-5 ("Contrary to
6  the Commissioner's argument, the ALJ's [RFC] assessment does not fully account for this
7  limitation.").

8  Furthermore, the ALJ considered the State agency opinions in the context of the entire
9  medical record (Tr. 26), and Plaintiff has not shown that the State agency opinions were
10 inconsistent with that entire record. Accordingly, Plaintiff has not shown that the ALJ erred in
11 crediting the State agency opinions, despite the reviewers' status as nonexamining providers.
12 *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that "the report of a
13 nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all*
14 *other evidence* in the record'" (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original))).

15 For these reasons, the Court finds that Plaintiff has not met his burden to show error in
16 the ALJ's assessment of the State agency opinions.

17 **C.  Lay statements**

18 Plaintiff's wife, Hannah Anderson, completed a third-party form report describing
19 Plaintiff's symptoms and limitations. Tr. 204-11. The ALJ summarized Ms. Anderson's report,
20 and explained that he gave it less weight as inconsistent with the evidence showing "a higher
21 level of functioning and improvement in symptoms with treatment compliance, including alcohol
22 abstinence." Tr. 27-28. An ALJ's reasons to discount a lay statement must be germane. *See*
23

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 8

*Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Plaintiff argues that the ALJ's reasoning is not germane as to Ms. Anderson because those findings are not supported by substantial evidence, and because Ms. Anderson's statement is consistent with longitudinal evidence from Dr. Powell. The ALJ did, however, cite substantial evidence showing that Plaintiff's symptoms improved with treatment compliance, including alcohol abstinence, as referenced above. *See* Tr. 22-25. This is a germane reason to discount Ms. Anderson's statement. Although Plaintiff argues that Ms. Anderson's statement is corroborated by Dr. Powell's evidence (Dkt. 11 at 17), the ALJ cited treatment notes from Dr. Powell describing Plaintiff's improvement with medication and alcohol abstinence. *See* Tr. 24 (referencing Tr. 358, 359, 361, 362). Plaintiff has not shown that the ALJ erred in discounting Ms. Anderson's statement in light of medical evidence showing improvement with treatment compliance and decreased alcohol intake.

Plaintiff also challenges the ALJ's discounting of a statement written by Patrick Gunn, Plaintiff's former supervisor, describing Plaintiff's problems on the job. Tr. 267. The ALJ summarized Mr. Gunn's statement, but noted that it described Plaintiff's symptoms and limitations prior to the adjudicated period, and the medical records dating to the adjudicated period showed improvement with treatment. Tr. 27. Indeed, Plaintiff was supervised by Mr. Gunn prior to the alleged onset date. *See* Tr. 221. Again, Plaintiff claims that the ALJ failed to provide a germane reason to discount Mr. Gunn's statement because his reasoning is not supported by substantial evidence and because Mr. Gunn's statement is corroborated by Dr. Powell's evidence (Dkt. 11 at 17), but, as discussed above, the ALJ properly cited Dr. Powell's treatment notes as evidence of improvement, and Plaintiff has not shown that the ALJ erred in

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 9

1  discounting Mr. Gunn's statement based on its failure to address the adjudicated period.  The

2  Court finds that the ALJ's reasoning is germane and supported by substantial evidence.

3  Because Plaintiff has not shown that the ALJ erred in assessing the lay evidence, the

4  Court affirms that portion of the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 22nd day of April, 2020.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge